IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| **Larry Keith Garman,** ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 1:19cv1114 (CMH/TCB) |
| ) | |
| **Harold W. Clarke,** ) | |
| Respondent. ) | |

## MEMORANDUM OPINION & ORDER

Virginia inmate Larry Keith Garman filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, claiming that he suffered from constitutionally defective assistance of counsel. See Dkt. No. 1. Respondent has moved to dismiss the petition, arguing that petitioner's claims are time-barred, procedurally defaulted, and ultimately meritless. See Dkt. Nos. 8-10. Petitioner opposes respondent's motion. See Dkt. Nos. 13, 16. For the reasons explained below, respondent's motion to dismiss will be granted, and the underlying petition for writ of habeas corpus will be dismissed.

### I. Background

Petitioner is in custody pursuant to a final order, entered April 20, 2016, of the Roanoke County Circuit Court. See CR15000790-791. After a jury found petitioner guilty of manufacturing and possession of methamphetamine, the circuit court sentenced petitioner to eight years' incarceration. Id. Petitioner appealed his convictions to the Virginia Court of Appeals, which denied his appeal on February 23, 2017. See Record No. 0791-16-3. Petitioner did not appeal to the Supreme Court of Virginia.

On March 1, 2018, petitioner filed a petition for writ of habeas corpus in the Virginia Supreme Court, see Record. No. 180303, raising twenty-four wide-ranging claims of ineffective

assistance of counsel. The state supreme court dismissed the petition on October 18, 2018. Id. On August 14, 2019, petitioner filed the instant petition, raising largely the same arguments he raised in state court. See Dkt. No. 1. The instant petition differs only in that petitioner now construes as ineffective assistance of counsel claims claim in which he previously alleged impropriety on the part of prosecutors and police. Compare Record No. 180303 with Dkt. No. 1.

## II. Statute of Limitations

Respondent contends that the § 2254 petition is untimely, barring review of the petition as a whole. See Dkt. No. 9, p. 6. A § 2254 petition for a writ of habeas corpus must be dismissed if filed later than one year after (1) the judgment becomes final; (2) any state-created impediment to filing a petition is removed; (3) the United States Supreme Court recognizes the constitutional right asserted in the petition; or (4) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D).

The running of the one-year limitations period is suspended for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The limitation period is also subject to equitable tolling in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party." Harris v. Hutchinson, 209 F.3d 325, 328 n.1 (4th Cir. 2000). Finally, a colorable claim of actual innocence may entitle a petitioner to review of an untimely petition. See McQuiggin v. Perkins, 569 U.S. 383 (2013). To establish such a claim, "[new] evidence must establish sufficient doubt about [a petitioner's] guilt to justify the conclusion that his [incarceration] would be a miscarriage of justice *unless* his conviction was the product of a fair trial." Schlup v. Delo, 513 U.S. 298, 316 (1995).

Here, petitioner's judgment became final on March 25, 2017, the last date on which petitioner could have filed a petition for review of the Court of Appeals of Virginia's February 23, 2017 denial of petitioner's direct appeal. See Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . .") (citing 28 U.S.C. § 2244(d)(1)(A)); Va. Sup. Ct. R. 5:17(a)(2) (allowing thirty days to file a petition for appeal from the Court of Appeals of Virginia). Consequently, the limitation period began to run on March 26, 2017. Petitioner filed a petition for writ of habeas corpus in the Supreme Court of Virginia on March 1, 2018[1], 340 days after the limitations period started to run. See Record No. 180303. The limitations window paused on this date and began to run once more on October 19, 2018, the day after the Supreme Court of Virginia denied petitioner's petition for writ of habeas corpus. See id. From that date, petitioner waited another 299 days before submitting the instant petition, which he filed on August 14, 2019. See Dkt. No. 1. Accordingly, subtracting the time in which petitioner's properly filed application for collateral review was pending, petitioner filed the instant habeas petition 639 days after his conviction became final—274 days late. The petition is therefore untimely unless petitioner can establish that he is entitled to equitable tolling or is actually innocent of the charge underlying the conviction he contests.

As noted above, equitable tolling is available only in rare instances. To demonstrate entitlement to this remedy, a petitioner must show that he was "pursuing his rights diligently, and

---

[1] Although the record reflects that the state supreme court filed petitioner's state habeas petition on March 1, 2018, the petition itself appears to have been executed on February 14, 2018. See Record No. 180303. The Fourth Circuit has not made clear whether the prison mailbox rule applies to state collateral review applications. See Allen v. Mitchell, 276 F.3d 183, 184 n.1 (4th Cir. 2001). In this case, however, whether considered filed on February 14, 2018 or March 1, 2018, petitioner's filing is untimely; an additional two weeks counted in petitioner's favor would not rescue his petition from such a finding.

3

... that some extraordinary circumstance stood in his way" of filing a timely petition. Holland v. Florida, 560 U.S. 631, 649 (2010). Petitioner has made no such showing in this case. Instead, petitioner states that he simply misunderstood the statute of limitations relevant to this matter. See Dkt. No. 13, p. 6 ("[P]etitioner was under the impression that he was in the right and is sorry if not" and asks the Court not to reject the petition on this basis). Petitioner's ignorance or misunderstanding of the statute of limitations fails to constitute an extraordinary circumstance that warrants equitable tolling. See United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) ("[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling.") (citation omitted).

And because petitioner has failed to proffer any new evidence to demonstrate a colorable claim of actual innocence, he may not escape the § 2244 time bar on this ground. Because petitioner has failed to demonstrate an entitlement to equitable tolling or a colorable claim of actual innocence, this Court finds that petitioner's petition is time-barred and must be dismissed.

### III. Conclusion

For the reasons stated above, respondent's motion to dismiss [Dkt. No. 8] is GRANTED, and petitioner's petition [Dkt. No. 1] is DISMISSED WITH PREJUDICE.

To appeal this decision, petitioner must file a written notice of appeal with the Clerk's office within thirty (30) days of the date of this Order. See Fed. R. App. P. 4(a). A written notice of appeal is a short statement indicating a desire to appeal and including the date of the Order petitioner wishes to appeal. Failure to file a timely notice of appeal waives the right to appeal this decision. To appeal, petitioner must also obtain a certificate of appealability from a circuit justice or judge. See 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b).

The Court has considered and declines to issue petitioner a certificate of appealability in this case. A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1)(B). When a district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. See Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). When, as here, a district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right. See Slack, 529 U.S. at 484-85. Because it is not debatable that petitioner's petition is untimely, the Court declines to issue petitioner a certificate of appealability.

The Clerk is directed to send a copy of this Memorandum Opinion & Order to petitioner and to counsel of record for respondent.

Entered this 15th day of May 2020.

Alexandria, Virginia

United States District Judge